UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════════════

LEANUE DAVIS,
SANDRA VASQUEZ,

                      Plaintiffs,


v.                                           6:08 - CV - 0042  (NPM / GHL)


ANTOINETTE HALLENBECK,
ROBERT J. HOY AGENCY, INC.,
MICHAEL H. TEETZ, K. HAMMOND,
FULTON COUNTY DEPARTMENT
OF SOCIAL SERVICES, JOHN DOE,

                      Defendants.

═══════════════════════════════════════════

APPEARANCES                                  OF COUNSEL

LEANUE DAVIS
Plaintiff, Pro Se
179 Prospect Ave. #2
Gloversville, NY   12078

SANDRA VASQUEZ
Plaintiff, Pro Se
179 Prospect Ave. #2
Gloversville, NY   12078

ABDELLA LAW OFFICES               ROBERT ABDELLA, ESQ.
Attorney for Defendant A. Hallenbeck
8 West Fulton Street
Gloversville, NY   12078

Law Offices of JOSEPH W. BUTTRIDGE   JOSEPH W. BUTTRIDGE, ESQ.
Attorney for Defendant R. J. Hoy Agency
20 Corporate Woods Boulevard
Albany, NY          12201

TABNER, RYAN and KENIRY, LLP       ERIC N. DRATLER, ESQ.
Attorney for Defendant M. Teetz
18 Corporate Woods Boulevard
Albany, NY       12211


MURPHY, BURNS, BARBER & MURPHY     THOMAS K. MURPHY, ESQ.
Attorney for Defendants K. Hammond,
John Doe, and Fulton County
Department of Social Services
226 Great Oaks Boulevard
Albany, NY       12203


NEAL P. McCURN, Senior District Court Judge

## MEMORANDUM-DECISION AND ORDER

This civil rights action arises from the events following a house fire at the residence of pro se plaintiffs Leanue Davis ("Davis") and Sandra Vasquez ("Vasquez") (collectively, "plaintiffs") on November 8, 2007, which totally destroyed the residence.  Davis and Vasquez allege that they subsequently found a residence which they intended to purchase, and after moving in, they were forced from the property on the basis of their race.  Plaintiffs allege that by their conduct, defendants Antoinette Hallenbeck ("Hallenbeck"), Robert J. Hoy Agency, Inc. ("Hoy Agency"), Michael H. Teetz ("Teetz"), K. Hammond ("Hammond"), Fulton County Department of Social Services ("Social Services"), and John Doe, a/k/a/ Mr. Luciano ("Doe") (collectively, "defendants") deprived plaintiffs of their civil

2

right pursuant to 42 U.S.C.A. § 1983.  Currently before the court is a motion to

dismiss by defendant Teetz pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state

a claim upon which relief can be granted (Doc. No. 21).  For the reasons set forth

below, the court need not address Teetz's motion to dismiss, as the court will <u>sua</u>

<u>sponte</u> dismiss this action in its entirety for the plaintiffs' failure to prosecute

pursuant to Fed. R. Civ. P. 41(b).

## I.    FACTS AND PROCEDURAL HISTORY

The court takes the following facts from the plaintiff's complaint, which, for

the purpose of this ruling, must be accepted as true.  Plaintiffs' residence at 91

Third Street, Gloversville, New York, was totally destroyed by fire on November

8, 2007.  Plaintiffs sought emergency assistance from Social Services, and allege

that they were denied that assistance by Social Services representative Hammond.

Plaintiffs allege that Vasquez was discriminated against by Hammond, and that

Hammond violated Vasquez's due process rights under the Fourteenth

Amendment.

On November 29, 2007, Davis gave Teetz, a licensed real estate broker, the

sum of $1000.00 in cash, representing the down payment for the purchase of a

home located at 14 Curtis Street, Gloversville, New York ("14 Curtis Street").  On

November 30, 2007, plaintiffs sought the services of the Hoy Agency to secure an

insurance policy on the residence they were purchasing.  Hallenbeck, an insurance

agent, sold plaintiffs a policy of insurance which was effective on November 30,

2007 and expired on December 30, 2007.  Hallenbeck also owned the home at 14

Curtis Street which the plaintiffs were purchasing.

On November 30, 2007, Social Services approved a $700.00 landlord

statement for the residence at 14 Curtis Street, and on December 1, 2007, Davis

gave Teetz, who was acting in his capacity as a licensed real estate broker, the

additional sum of $700.00.

Plaintiffs allege that approximately 11:00 a.m. on December 1, 2007,

Hallenbeck and two other females unknown to the plaintiffs appeared at the

plaintiffs' residence at 14 Curtis Street and stated, "I am sorry, it's because of you

people, and between you people and my marriage, you people got to go."

Hallenbeck allegedly continued to use the phrase "you people" and began to use

the term "niggers" within earshot of the neighbors.  Plaintiffs alleged that they

collected their belongings and left the property.  Plaintiffs allege that they suffered

shock, were humiliated and were rendered homeless with no money.

On December 2, 2007, Social Services again aided the plaintiffs by securing

a place of residence for them at the Super 8 Motel in Johnstown, New York, after

plaintiffs advised a Mr. Luciano (defendant Doe) about the racial discrimination

4

they had been subjected to.  However, plaintiffs allege that Luciano refused to provide them with any emergency assistance after being notified that they had been subjected to racial discrimination, thereby violating plaintiffs' Fourteenth Amendment right to due process of law.  Plaintiffs brought this 42 U.S.C.A. § 1983 housing discrimination action on January 11, 2008.

On March 12, 2008, a filing order from this court setting a conference date and time was mailed to Davis and Vasquez  at 179 Prospect Ave #2, Second Floor, Gloversville, NY 12078 (Doc. No. 15).  The filing order was returned to the court as undeliverable, upon which a post office stamped message stated, "Moved Left No Address" (Doc. No. 16).  On April 24, 2008, a Notice of Hearing on Teetz's Motion to Dismiss (Doc. No 21) was mailed to Davis and Vasquez at the 179 Prospect Ave #2 address.   That mail was returned to the court as undeliverable on April 30, 2008, once again marked "Moved Left No Address" (Doc. No. 22).

## II.    DISCUSSION

"Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  **This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted <u>pro</u> <u>se</u>**." <u>Cruz v. Gomez</u>, 202 F3d 593, 597 (2d Cir. 2000) (internal quotations and citations

omitted) (emphasis added).

"[D]ismissal pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." <u>Harding v. Federal Reserve Bank of N.Y.</u>, 707 F.2d 46, 50 (2d Cir. 1983) (internal quotations omitted).  Fed.R.Civ.P. 41(b) provides in pertinent part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b) (West 2008).  A dismissal may also be made <u>sua</u> <u>sponte</u> by a district court pursuant to Rule 41(b).  "However, Rule 41(b) dismissals are a 'harsh remedy' that are 'appropriate only in extreme circumstances.' <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2nd Cir.1996). District courts 'should be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant.'" <u>Spencer v. Doe</u>, 139 F.3d 107, 112 (2d Cir. 1998).

> '[T]he correctness of a Rule 41(b) dismissal is determined in light of the record as a whole and in consideration of the following factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the

6

proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. ... Generally, no factor is dispositive ... Moreover, while district courts are not required to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. Furthermore, notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court.

Id. (internal citations omitted).

In the case at bar, plaintiffs have moved without leaving a forwarding address. Consequently, the court has no way to contact them to learn of their intentions, and also has a difficult task in applying the five factors listed above. However, it is not likely that plaintiffs forgot that they had an action pending in the federal court, and were obligated to contact the court with a new address, or at the very least, to check on the status of the case. It has now been almost eight months since plaintiffs' action was filed, and the court sees no alternative but to dismiss this action. However, because the plaintiffs appear before the court pro se, the court will apply the liberal standard afforded pro se plaintiffs and will dismiss without prejudice to plaintiffs' ability to request reinstatement of the case at a later date. However, such reinstatement must be requested prior to the running of the

7

three-year statute of limitations applicable to Section 1983 claims in New York.

See Gleason v. McBride, 869 F.2d 688, 691 (2d Cir. 1989).

## III.   CONCLUSION

For the reasons set forth supra, the court hereby DISMISSES plaintiffs' complaint without prejudice  for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

SO ORDERED.

August 7, 2008

_____

Neal P. McCurn
Senior  U.S. District Judge

8